IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CITY NATIONAL BANK OF
WEST VIRGINIA,
a national banking association,

                Plaintiff,

v.                                          CIVIL ACTION NO.  2:05-cv-00842

MOUNTAINEER CAPITAL, LP, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's motion to remand the case to the Circuit Court of Kanawha County, West Virginia [Docket 4].  The case was filed originally in that court on September 19, 2005, but was removed by the defendants on October 20 [Docket 1].  The defendants removed the case pursuant to 28 U.S.C. § 1441(a) by alleging that the case could have been filed in this court based on federal question jurisdiction.  The plaintiff, arguing its claims are based entirely on state law, now asks the court to remand the case.  For the reasons explained herein, the motion to remand is **GRANTED**.

An action may be removed to federal court if the court would have original jurisdiction over the case. 28 U.S.C. § 1441(b) (2000).  In almost all cases where federal question jurisdiction exists, federal law creates the plaintiff's cause of action.  *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  As the defendants in this case point out, however, federal question jurisdiction is not limited to cases where federal law creates the plaintiff's cause of action.  Federal question also

exists when the plaintiff's demand depends on the resolution of substantial questions of federal law even though state law creates the cause of action. *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir. 1996) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)). In other words, federal courts can obtain federal question jurisdiction if a plaintiff's state-law claims implicate significant federal issues. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2366–67 (2005). The Supreme Court recently explained that this "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id*. at 2367.

The defendants contend the court has subject matter jurisdiction over this matter because the plaintiff's complaint implicates significant issues of federal law, specifically the Small Business Investment Act and federal regulations issued by the Small Business Administration. (Defs.' Resp. to Pl.'s Mot. to Remand 2.) This case, however, is not the type of case discussed in *Grable*, which the defendants have misread. The defendants argue that in *Grable*, the Supreme Court "broadened the meaning of" federal question jurisdiction. (*Id*.) This statement, however, is not accurate for the Supreme Court merely restated a "longstanding, [even though] less frequently encountered, variety" of federal jurisdiction that had been recognized for nearly a century. *Grable*, 125 S. Ct. at 2366.

The burden of establishing federal question jurisdiction is on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). If federal jurisdiction is doubtful, remand is necessary. *Bazilla v. Belva Coal Co.*, 939 F. Supp. 476, 477 (S.D. W. Va. 1996). In this case, the plaintiff asserts state-law claims for breach of fiduciary duty,

negligence, conflict of interest, fraudulent misrepresentation, fraudulent concealment, fraud in the inducement, and breach of contract. (Compl. ¶¶ 224–69.) The defendants argue that the plaintiff's claims implicate significant federal issues. (Defs.' Resp. to Pl.'s Mot. to Remand 6.) The court disagrees and points out that any federal issues arising in this case would be implicated by the defendants' defense.

To find that a state-law cause of action implicates significant federal issues, the federal interest at stake must be substantial. *Ormet Corp.*, 98 F.3d at 807. The mere presence of a federal issue in a state cause of action does not automatically confer federal jurisdiction. *Id.* The plaintiff's complaint seeks recovery on a showing that the defendants' conduct was wrong under state law, which does not implicate important federal issues. Because the court would lack original federal question jurisdiction over this case, removal was improper.

Accordingly, the court **GRANTS** the pending motion and **REMANDS** the case to the Circuit Court of Kanawha County.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      November 18, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE